## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT WAYNE SUTHERLAND, SR,    )
                            )
        Petitioner,    )
                            )    **CIVIL ACTION NO. 24-1425**
     v.    )
                            )    **DISTRICT JUDGE W. SCOTT HARDY**
MELINDA ADAMS and DISTRICT    )    **MAGISTRATE JUDGE MAUREEN P.**
ATTORNEY OF POTTER COUNTY,    )    **KELLY**
                            )
        Respondents.    )
                            )
                            )

## <u>MEMORANDUM ORDER</u>

This matter comes before the Court after Petitioner Robert Wayne Sutherland, Sr. ("Petitioner") declined to file objections to the Report and Recommendation ("R&R") (Docket No. 28) entered by United States Magistrate Judge Maureen P. Kelly on July 24, 2025.  The R&R recommends that Respondents' "Motion to Dismiss for lack of Timely Filing and Procedural Default" (Docket No. 16) be granted and Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") (Docket No. 4) and a certificate of appealability be denied.  (Docket No. 28 at 2, 12).  Service of the R&R was made on Petitioner via U.S. Mail.  (*Id.* at 13 and Docket text entry).  The R&R informed the parties that objections were due by August 11, 2025.  (*Id.* at 12 and Docket text entry).  Thereafter, no party filed any objections to the R&R.[1]

---

[1]     On July 31, 2025, the Court received a letter from Sutherland dated July 28, 2025, which included a request for an update on his case.  (Docket No. 29).  In response, Judge Kelly entered an order stating that "[o]n July 24, 2025, this Court issued a Report and Recommendation [28] granting Respondents' Motion to Dismiss as Untimely Filed and Procedurally Defaulted 16 . A copy of the Report was mailed to Petitioner's at his address of record on that date. It appears that the Report and Petitioner's Motion for Status Update may have crossed in the mail. As a courtesy, along with a copy of this Order, the Court is mailing to Petitioner a copy of the docket and previously issued Report. Petitioner is reminded that his objections, if any, to the Report and Recommendation must be filed by 8/11/25." (Docket No. 30).

1

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  Here, however, because Petitioner did not file any objections to the R&R – which explicitly stated that failure to file timely objections "will waive the right to appeal" – we review the magistrate judge's decision for plain error. (Docket No. 28 at 12).  *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b), Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation.  As such, the Court will adopt the R&R as the Opinion of the Court and will deny the Petition, which raises three grounds for relief: 1) violation of the Petitioner's 4th Amendment rights by the use of flash drive that Petitioner contends was unlawfully obtained; 2) violation of Petitioner's 5th Amendment rights by failing to provide Petitioner with a proper Miranda warning and lack of waiver of his Miranda rights; and 3) violation of the Petitioner's 8th Amendment rights by not providing him an attorney or a psychological doctor during or before interrogation, despite his previous psychological struggles. (Docket No. 28 at 6-7).  As to the merits of the Petition, the Court agrees with Judge Kelly's recommendation that all three grounds must be dismissed because they are procedurally defaulted because the Petitioner failed to present them as federal claims to the

Pennsylvania Superior Court.  (*Id.* at 9).  The Court further agrees that none of the issues presented in the direct appeal were presented as federal law questions, and instead the Petitioner asked for their review on an abuse of discretion standard.  (*Id.*).  Further, the Court agrees that Petitioner failed to perfect his appeal from either of his Post-Conviction Relief Act (PCRA) cases, as he never perfected the first case by appealing it to the Pennsylvania Supreme Court and failed to appeal the second PCRA case at all.  (*Id.* at 10).  Furthermore, the Court agrees that Petitioner has failed to show good cause for such defects or that a fundamental miscarriage of justice would result from failure to consider these claims.  (*Id.* at 11).  The Court agrees that despite the complex procedural history in the first PCRA claim, including a mail-related dispute, cause has not been established. And, the Court agrees that Petitioner has not presented new evidence of innocence necessary for a showing of a miscarriage of justice.  (*Id.* at 11).  Finally, the Court agrees with Judge Kelly's recommendation that a certificate of appealability should be denied here, as jurists of reason would not debate that Petitioner has failed to show entitlement to relief.  (*Id.* at 12).

Accordingly, in view of the foregoing, the Court enters the following Order:


AND NOW, this 31st day of March, 2026,

IT IS HEREBY ORDERED that the Report and Recommendation ("R&R") (Docket No. 28) is **adopted** as the Opinion of the Court.

IT IS FURTHER ORDERED that Petitioner Robert Wayne Sutherland's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docket No. 4) is **denied**.

IT IS FURTHER ORDERED that Respondents' Motion to Dismiss for lack of Timely Filing and Procedural Default (Docket No. 16) be **granted**.

IT IS FURTHER ORDERED that a certificate of appealability is **<u>denied</u>**.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Petitioner wishes to appeal from this Order he must file a notice of appeal within 30 days, as provided in Rule 3 of the Federal Rules of Appellate Procedure, with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Petitioner is referred to Rule 22 of the Federal Rules of Appellate Procedure and to 3d Cir. L.A.R. 22.1 for the timing requirements for applying for a certificate of appealability from the Court of Appeals (available at https://www2.ca3.uscourts.gov/legacyfiles/2011_LAR_Final.pdf).

The Clerk of Court shall mark this case **<u>closed</u>**.

*<u>/s/ W. Scott Hardy</u>*
W. Scott Hardy
United States District Judge

cc/ecf:　　　The Honorable Maureen P. Kelly
Robert Wayne Sutherland, Sr. (via U.S. Mail)

4